Cite as 2025 Ark. App. 89

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-704

| | |
|---|---|
| | Opinion Delivered February 12, 2025 |
| GEORGE RANDALL WRIGHT<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| V. | [NO. 60CV-22-4787] |
| | HONORABLE TIMOTHY DAVIS FOX, |
| ARKSTONE REAL ESTATE FUND AND QUANTA FINANCE, LLC | JUDGE |
| APPELLEES | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant George Randall Wright appeals from a summary-judgment order entered in favor of appellees Arkstone Real Estate Fund (Arkstone) and Quanta Finance, LLC (Quanta), that dismissed Wright's petition to quiet title in two tracts of property in Pulaski County located at 19024 Kanis and 1416 Valentine. These two tracts of property, along with another tract of property located at 19000 Kanis, were conveyed to Wright in 1998 and were later sold on March 17, 2020, at a foreclosure sale pursuant to the Statutory Foreclosure Act.[1] All three tracts of property were conveyed to Arkstone on March 30, 2022, and on the same day, Quanta recorded mortgages on 19024 Kanis and 1416 Valentine. In this appeal, Wright does not claim any interest in the 19000 Kanis property, conceding that this property

---

[1]Arkansas Code Annotated sections 18-50-101 through -117 (Repl. 2015).

was subject to a mortgage on which he defaulted before the March 17, 2020 foreclosure sale. Wright, however, argues on appeal that summary judgment was inappropriate because there was a genuine issue of material fact as to whether the properties at 19024 Kanis and 1416 Valentine were encumbered by the mortgage and, thus, whether they could be sold under the Statutory Foreclosure Act. We hold that Wright's claim that these properties were not subject to the mortgage is barred because it was not raised before the statutory-foreclosure sale, and we therefore affirm the summary judgment.

## I. *Facts and Procedural History*

In 1998, Wright's then wife executed a quitclaim deed conveying to him her interest in three properties located at 19000 Kanis, 19024 Kanis, and 1416 Valentine. On November 9, 2005, Bank of America recorded a mortgage executed by Wright that listed the property address as 19000 Kanis with the parcel identification number corresponding to that address. The mortgage further provided, "LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF." The legal description, attached as Exhibit A, did not specifically list any of the three street addresses, but it undisputedly provided the legal descriptions for 19000 Kanis, 19024 Kanis, and 1416 Valentine. Underneath the legal descriptions for these three properties was the parcel identification number that corresponded to the 19000 Kanis property. The mortgage was recorded in Pulaski County and designated as instrument number 2005095505.

On January 22, 2019, the mortgage was assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as trustee for Premium Mortgage Acquisition Trust

2

(Christiana Trust). The assignment identified the mortgage as instrument number 2005095505, recorded in Pulaski County on November 9, 2005. The assignment did not contain any property descriptions and listed the property as "Property more commonly described as: 19000 Kanis Rd, Little Rock, AR 72223."

By the middle of 2019, Wright had defaulted on the mortgage. When Wright defaulted, Christiana Trust gave Wright notice of default and accelerated the unpaid balance as immediately due and owing under the terms of the mortgage. Christiana Trust then chose to exercise its right to sell the property subject to the mortgage to satisfy the amount that Wright owed. To sell the property, Christiana Trust appointed Wilson & Associates, an entity qualified to foreclose a mortgage under the provisions in the Statutory Foreclosure Act.

On January 14, 2020, Wilson & Associates provided Wright with a "Notice of Default and Intention to Sell." This notice informed Wright of the time, place, and terms of the foreclosure sale, which was to be held on March 17, 2020, at the Pulaski County Courthouse. The notice listed the legal descriptions for all three properties: 19000 Kanis, 19024 Kanis, and 1416 Valentine. Below these property descriptions in the notice was the notation "More commonly known as: 19000 Kanis Road, Little Rock, AR 72223." Wilson & Associates complied with the relevant statutory requirements by publishing notice of the sale in the newspaper, posting notice at the Pulaski County Courthouse, and employing a third-party internet-foreclosure-sale-notice information service provider.

3

The foreclosure sale was held on March 17, 2020, and Wright attended the public auction. Although Wright did not personally bid at the auction, he had an arrangement with a neighbor who effectively bid on Wright's behalf. However, Wright's efforts failed, and Bank of America was the successful bidder, purchasing all three properties for $207,000.

On April 6, 2021, Wilson & Associates recorded a mortgagee's deed reflecting Bank of America's purchase of the property sold at the auction. The legal description on the mortgagee's deed contained the legal descriptions of all three tracts of property that were originally listed in the November 9, 2005 mortgage's legal description. Beneath the legal description in the mortgagee's deed was the notation "Commonly known as: 19000 Kanis Road, Little Rock, AR 72223."

Bank of America conveyed the three tracts of property to appellee Arkstone in a special warranty deed recorded on March 30, 2022. The special warranty deed contained the legal descriptions of 19000 Kanis, 19024 Kanis, and 1416 Valentine. On the same day, appellee Quanta recorded mortgages on 19024 Kanis and 1416 Valentine.

On July 25, 2022, which was more than two years after the foreclosure sale, Wright filed a petition to quiet title or, in the alternative, to reform the special warranty deed.[2] In his petition, Wright acknowledged that the 19000 Kanis property was subject to the mortgage, and he was therefore not attempting to quiet title as to that property. Wright, however, sought to quiet title in 19024 Kanis and 1416 Valentine, arguing for the first time

[2]On September 1, 2022, Wright filed an amended petition that was substantially similar to the original petition.

4

that these properties were not subject to the mortgage he had executed in November 2005. Wright stated that the only property address listed in the November 2005 mortgage was 19000 Kanis and that this property was also identified by its parcel identification number. He further alleged that although the attached legal description in Exhibit A contained the property descriptions of all three properties, there was a mutual mistake by the parties and that only the 19000 Kanis property was supposed to be included in the mortgage. Wright speculated that when it created Exhibit A to the mortgage, Bank of America simply copied the legal description for all three properties identified in the 1998 quitclaim deed, which were at that time conveyed to Wright from his ex-wife. Wright alleged that the November 2005 mortgage makes clear that the only property subject to the mortgage is 19000 Kanis, and that as a result of a mutual mistake, all three properties were incorrectly included in the foreclosure sale. Wright petitioned to have title to 19024 Kanis and 1416 Valentine quieted in his name or, alternatively, to reform the special warranty deed to Arkstone to remove any reference to these two properties and identify only 19000 Kanis as being included in the conveyance.

In his deposition, Wright testified that when he signed the November 2005 mortgage, Exhibit A that included the property descriptions of all three properties, was not attached and must have been added later by Bank of America. Wright, however, admitted that after he had defaulted on the mortgage, he received two separate notices of default and intention to sell, which were also filed in the Pulaski County real property records, and which each listed the property descriptions of all three properties: 19000 Kanis, 19024 Kanis, and 1416

5

Valentine. Notwithstanding his receipt of these notices, Wright claimed in his deposition that when he attended the foreclosure sale, he did not know the sale included all three properties. Wright also admitted in discovery that he did not raise his challenge to the mortgage until he filed this action more than two years after the foreclosure sale.

On June 3, 2022, appellees Arkstone and Quanta filed a joint motion for summary judgment. The appellees argued that because Wright's claims were not brought before the foreclosure sale, they were barred by the Statutory Foreclosure Act. The appellees specifically relied on Ark. Code Ann. § 18-50-116(d)(2) (Repl. 2015), which provides:

(d) Nothing in this chapter shall be construed to:

. . . .

(2)(A) Impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction.

(B) *However, a claim or defense of a person or entity asserting his or her or its legal and equitable rights shall be asserted before the sale or it is forever barred and terminated*, except the mortgagor may assert the following against either the mortgagee or trustee:

(i) Fraud; or

(ii) Failure to strictly comply with the provisions of this chapter, including without limitation subsection (c) of this section.

(C)(i) The claims or defenses described in subdivision (d)(2)(B) of this section may not be asserted against a subsequent purchaser for value of the property.

(ii) For purposes of this section, "purchaser for value" does not include the mortgagee or trustee.

(Emphasis added.) The appellees asserted that the undisputed facts showed that Wright failed to assert his rights before the foreclosure sale and further asserted that neither of the

6

exceptions in subdivision (d)(2)(B) applied.[3] Therefore, the appellees argued that they were entitled to judgment as a matter of law.

On June 21, 2023, Wright filed a response to the appellees' motion for summary judgment. In his response, Wright argued that summary judgment was improper because there was a material issue of fact as to whether the 19024 Kanis and 1416 Valentine properties were subject to the November 2005 mortgage. Wright argued further that, if these properties were not subject to the mortgage, the Statutory Foreclosure Act does not bar his claim because one must have a valid mortgage to utilize the Act to foreclose on real property. Wright claimed that if these properties were not encumbered, then the Statutory Foreclosure Act—including its presale-objection requirement—does not apply.

On July 3, 2023, the trial court entered an order granting Arkstone and Quanta's motion for summary judgment and dismissing Wright's petition with prejudice. Wright timely appealed, and he argues on appeal that summary judgment was erroneously entered.

## II. *Standard of Review*

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Greenlee v. J.B. Hunt Transp. Servs., Inc.*, 2009 Ark.

---

[3]We observe that neither below nor on appeal does Wright make any claim that either of these exceptions identified in subdivision (d)(2)(B)(i) or (ii) is applicable. Moreover, neither of these exceptions would have any application even had Wright made that argument because they may be asserted against only the mortgagee or trustee and not a subsequent purchaser for value of the property.

506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee, supra.* On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Greenlee, supra.*

### III. *Analysis*

Wright raises a single argument on appeal. Wright argues that the Statutory Foreclosure Act does not apply to properties that are not mortgaged and that a fact issue remains as to whether two of the properties—19024 Kanis and 1416 Valentine—were mortgaged. Wright argues that if these properties were not mortgaged, they could not be sold under the Act, and because of that fact issue, the trial court erred in granting summary judgment to Arkstone and Quanta, whose interests arose from the sale. Wright states that under the Act, a sale made by a mortgagee or trustee "shall foreclose and terminate all interest in the trust property," Ark. Code Ann. § 18-50-108(a)(1) (Repl. 2015), and that trust property is "the property encumbered by a mortgage or trust." Ark. Code Ann. § 18-50-101(11) (Repl. 2015). Wright posits that if property is not encumbered by a mortgage or deed of trust, a sale under the Act cannot terminate an interest in the property. Wright argues further that Ark. Code Ann. § 18-50-116(d)(2)(B), which requires that an objection be made before the

8

foreclosure sale, does not apply to unmortgaged property. For these reasons, Wright asks that the summary judgment be reversed and the case remanded for further proceedings.

We disagree with Wright's argument and hold that summary judgment was properly entered based on the undisputed material facts, which were that Wright had knowledge of the foreclosure sale and knowledge that the sale included all three property descriptions and that Wright failed to object to the inclusion of 19024 Kanis and 1416 Valentine before the sale. Because Wright failed to timely assert his rights, his claim is barred by Ark. Code Ann. § 18-50-116(d)(2)(B), which provides that "a claim or defense of a person or entity asserting his or her or its legal and equitable rights *shall be asserted before the sale or it is forever barred and terminated*" subject to certain exceptions not argued by Wright or applicable here.

In reaching this result, we are guided by *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004), where the supreme court rejected a similar argument. In *Cockrell*, Cockrell's property was sold at a foreclosure sale pursuant to the Statutory Foreclosure Act. Several months later, Cockrell filed a petition to set aside the foreclosure sale, arguing that the sale was void under the plain language of Ark. Code Ann. § 18-50-116(c), which provides that the Act does not apply to a mortgage or a deed of trust on land used primarily for agricultural purposes. Cockrell argued that the land was primarily used for agricultural purposes, and as a result, the nonjudicial foreclosure procedure under the Act could not be pursued. Union Planters filed a motion to dismiss based on Ark. Code Ann. § 18-50-116(d)(2)(B). The trial court agreed and ruled that Cockrell had not raised the issue of the

9

agricultural-purposes exception before the sale of the property and was thus barred from invoking that defense.

On appeal, the supreme court in *Cockrell* affirmed the dismissal of Cockrell's petition. In its opinion, the supreme court addressed Cockrell's argument that the plain language of section 18-50-116(c) mandates that a statutory foreclosure proceeding performed on land primarily used for agricultural purposes is void. The supreme court rejected that argument, and wrote:

> Cockrell concedes that Union Planters followed the required statutory procedures to foreclose regarding notice to Cockrell and the sale itself. Nevertheless, he asserts that a statutory foreclosure on agricultural land is void *ab initio.* We disagree.

> We conclude that an assertion that the land to be foreclosed on is primarily used for agricultural purposes is precisely the kind of claim or defense that must be raised "prior to the sale or be forever barred and terminated." Ark. Code Ann. § 18-50-116(d)(2) (Repl. 2003). This precise language was added as part of Act 983 of 1999, which contained an Emergency Clause that reads in part:

> > [I]t is immediately necessary for the fair and efficient administration of this act that, among other things, sales be considered final, and all rights of the grantor or mortgagor, be terminated, immediately upon the conclusion of the public foreclosure auction[.]

> Act 983, § 16 of 1999. Here, however, Cockrell did not raise the agricultural-lands defense until well after the auction sale. This, of course, runs directly counter to the express language of Act 983 and the express policy in the Act that statutory foreclosures be fair and efficient and that foreclosure sales result in the termination of all rights of the mortgagor.

> Cockrell, of course, maintains that the agricultural exception equates to a jurisdictional requirement that renders statutory foreclosure of agricultural land void from the inception. We disagree that the exception is jurisdictional. Rather, as already stated, it is a defense that must be asserted by the mortgagor prior to the

foreclosure sale *in the interest of finality.* Here that was not done. Accordingly, we affirm the dismissal order of the circuit court.

*Cockrell*, 359 Ark. at 15, 194 S.W.3d at 183 (emphasis in original).

According to the supreme court in *Cockrell*, the termination of claims that are not raised before the foreclosure sale under section 18-50-116(d)(2)(B) included a post-sale argument that the Statutory Foreclosure Act did not apply. This is what Wright attempts to argue in the instant case, notwithstanding Wright's failure to raise that argument at the foreclosure sale.

The undisputed facts are that the November 2005 mortgage executed by Wright includes an attachment that contained descriptions of all three properties, including the 19024 Kanis and 1416 Valentine properties that Wright now seeks to quiet title in. As acknowledged by Wright, after he defaulted on the mortgage, he received notices of default and intention to sell that contained property descriptions of all three properties. Wright attended the sale; Wright made no claim that the 19024 Kanis and 1416 Valentine properties identified in the notices were not subject to the foreclosure sale; and all three properties were sold to Bank of America and later conveyed to Arkstone via special warranty deed. It was not until more than two years later that Wright claimed that the 19024 Kanis and 1416 Valentine properties were not subject to the mortgage due to a mutual mistake by the parties to the mortgage, which, as found by the trial court, was too late. As found by the trial court, this objection had to be made before the foreclosure sale.

11

The foreclosure's scope—whether correct or incorrect—was clearly identified in the notices sent to Wright, which listed all three properties in the legal description of the property to be sold. If Wright wished to challenge whether all three of these properties were encumbered by the mortgage by mutual mistake he had to raise the issue before the foreclosure sale. This is because Ark. Code Ann. § 18-50-116(d)(2)(B) provides that "a claim or defense of a person or entity asserting his or her or its legal and equitable rights shall be asserted before the sale or it is forever barred and terminated[.]" After the foreclosure sale, his right to raise a factual dispute over the scope of the mortgage was terminated under the terms of the statute. Therefore, we hold that summary judgment was appropriate, and we affirm the trial court's dismissal of Wright's quiet-title petition.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *Johnathan D. Horton*, for appellees.

12